**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAVIER AGUILAR-MEDINA, | No. 10-70130 |
| Petitioner, | Agency No. A088-502-048 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010 [**]
San Francisco, California

Before: GOODWIN, WALLACE, and THOMAS, Circuit Judges.

Javier Aguilar-Medina, a native and citizen of Mexico, petitions for review

of the decision of the Board of Immigration Appeals denying his motion to reopen,

seeking to apply for asylum, withholding of removal, and relief under the

Convention Against Torture.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Petitioner contends that country conditions have changed in Mexico, and that he will be persecuted because he will be perceived as wealthy and a potential kidnapping victim because he is a Mexican returning from the United States and he has relatives remaining in the United States, thereby entitling him to asylum and withholding relief. Petitioner failed to establish changed country conditions in Mexico that are material to petitioner and his circumstances. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008). In addition, petitioner failed to establish that he qualified as a member of a cognizable social group, and therefore petitioner did not demonstrate prima facie eligibility for asylum and withholding relief. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (rejecting as a particular social group "returning Mexicans from the United States").

The BIA did not abuse its discretion in denying reopening to allow petitioner to seek relief under the Convention Against Torture because the generalized evidence attached to the motion did establish that it is more likely than not that petitioner will be tortured at the acquiescence of the government if he returns to Mexico. *See Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005); *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003) (requiring movant to establish prima facie

case for eligibility for CAT relief).

**PETITION FOR REVIEW DENIED**.